UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AIMEE MORRISON,<br><br>  Plaintiff,<br><br>  v.<br><br>JOE BRANCATO; OSWEGO COUNTY,<br><br>  Defendants. | Case No. 2:21-cv-00667-APG-EJY<br><br>**ORDER** |

The Court has before it Defendants' First Emergency Motion for Protective Order Re: Ex Parte Contact (ECF No. 44). The Motion states that Plaintiff Aimee Morrison has repeatedly contacted Joe Brancato and Mr. Brancato's employer directly leaving lengthy telephone messages. *Id*. at 3. Exhibits to Defendants' Motion support the allegations therein. Defendants are represented in this case by Kravitz Schnitzer Johnson Watson & Zeppenfeld. Defendants' counsel has not consented to Plaintiff contacting Defendants directly.

Plaintiff, who is pro se, is bound by the Federal Rules of Civil Procedures, as well as the United States District Court for the District of Nevada Local Rules. *Federal National Mortgage Association v. Willis*, Case No. 2:15-cv-2366-JCM-GWWF, 2017 WL 9434414, at \*1 (D. Nev. Mar. 9, 2017). Further, even though Plaintiff is pro se, she is bound by the same ethical limitations on lawyers in litigation. *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (stating that pro se litigants are subject to the same good faith limitations imposed on lawyers, as officers of the court); *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (stating that pro se litigants in ordinary civil cases should not be treated more favorably than parties represented by attorneys).

Nevada Supreme Court Rule 182 states in relevant part that: "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter unless the lawyer has the consent of the other lawyer or is authorized by law to do so." Thus, attorneys must refrain from directly contacting parties represented by counsel regarding the subject of the representation. While there appears to be

no state or federal opinions applying NSC Rule 182 to pro se non-attorney litigants, the U.S. District Court of Arizona found no reason to excuse such a litigant from ethical rules of professional conduct given the precedent cited above. *Hutchens v. Hutchens*, Case No. CV 05-3580-PHX-DGC, 2016 WL 8440290, at *4 (D. Ariz. June 19, 2006).

Here, the Court recognizes that Plaintiff, Ms. Morrison, may not be aware of Nevada Supreme Court Rule 182 and, therefore, may not know that her conduct, to the extent she contacted Mr. Brancato or representatives of Defendant Oswego County directly, violated that Rule. However, through this Order, the Court makes clear that Ms. Morrison **may not** contact either Defendant directly again. This includes Mr. Brancato, as well as any representatives of Oswego County, including the Oswego County District Attorney or those who supervise Mr. Brancato in the Oswego County District Attorney's Office. If Ms. Morrison wishes to discuss this case with either Defendant, she must do so through counsel for Defendants only.[1]

Accordingly, IT IS HEREBY ORDERED that Defendants' First Emergency Motion for Protective Order Re: Ex Parte Contact (ECF No. 44) is GRANTED in part.

IT IS FURTHER ORDERED that Plaintiff Aimee Morrison **shall not** contact Joe Brancato, the Oswego County District Attorney or any representative of the Oswego County District Attorney's Office (including Mr. Brancato's supervisor) directly. All contact to discuss this case must be made by Ms. Morrison through Defendants' counsel.

Dated this 26th day of July, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] Nevada Rule of Professional Conduct 182 does not address Plaintiff's contact with those not named as litigants in her suit. However, the laws pertaining to defamation may. Plaintiff may wish to review the law of defamation before contacting non-litigants about her allegations as they may pertain to the Defendants in this case.