UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AIMEE MORRISON, | Case No.: 2:21-cv-00667-APG-EJY |
| Plaintiff | **Order Dismissing Case** |
| v. | [ECF Nos. 6, 8, 10, 18, 58,] |
| JOE BRANCATO and OSWEGO COUNTY, | |
| Defendants | |

Defendants Joe Brancato and Oswego County move to dismiss this case because this court lacks personal jurisdiction over them and this is an improper venue. ECF No. 6. They also move to dismiss the complaint because it fails to state any claims against them upon which relief can be granted. ECF No. 10. Plaintiff Aimee Morrison filed a document she titled "Striking Motion to Dismiss" (ECF No. 18), which I will treat as a response in opposition to the defendants' motions. I will dismiss this case because the court does not have personal jurisdiction over the defendants and Morrison has not alleged any cognizable claims.

Morrison's complaint and her numerous filings in this case contain largely unintelligible and fantastical statements. In general, she seems to allege that Brancato was employed by the Oswego County (New York) Sheriff's Office and was running a scheme there to harass and harm her. ECF No. 1-2. Among other allegations, she contends Brancato has taken kickbacks from unidentified sources "to engage and organize harassment, sexual harassment, [d]iscrimination, wage interference, disruption to finances, bills, employment [g]ender discrimination schemes." *Id.* at 6-7. She further alleges that Brancato got her fired from various restaurants and businesses,

got her evicted from her apartment, and devised a scheme by which she "was taken [o]ut in the middle of dessert (sic) and was beaten and raped . . . ." *Id.* at 8-10.[1]

This court may exercise either general or specific personal jurisdiction over a defendant. Neither applies here. "To establish general jurisdiction, the plaintiff must demonstrate that the defendant has sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) (quotations and citation omitted). Oswego County is a municipal corporation in New York organized under the laws of that state. ECF No. 6-2. It conducts most of its business in that county and state and does not have regular contact with Nevada. *Id.* Brancato is a citizen and resident of New York, he has never been employed by Oswego County, and he has not visited Nevada or left the northeastern part of the United States during the relevant period. ECF No. 6-1. Morrison offers no evidence to rebut these factual assertions. Thus, I cannot exercise general personal jurisdiction over the defendants.

Regarding specific personal jurisdiction, courts within the Ninth Circuit use the following three-part test to determine whether a party has sufficient minimum contacts with the forum state to satisfy due process:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

---

[1] Morrison has filed numerous similar lawsuits in several jurisdictions around the country. *See* ECF No. 6 at 3-5 (compiling cases). Many have been dismissed as frivolous and delusional.

*In re W. States*, 715 F.3d at 741–42.  The affidavits offered by the defendants establish that they have performed no acts in or directed to Nevada.  Morrison offers nothing but the fantastical allegations in her complaint and no proof to rebut the defendants' assertions.  "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." *Id.* at 741.  Morrison has not met her burden.  And allowing her to hale the defendants into court on the other side of the country based on fantastical allegations would not be reasonable nor comport with fair play and substantial justice.

Even if I could exercise personal jurisdiction over the defendants, I would dismiss the complaint as frivolous and delusional and because it fails to state a claim upon which relief can be granted.  But I need not reach that issue so I deny as moot the defendants' motion to dismiss for failure to state a claim.  Similarly, Morrison's motions for summary judgment, to strike, and for a preliminary injunction are denied as moot.

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 6) is GRANTED**.  This case is dismissed.

I FURTHER ORDER that the defendants' motion to dismiss **(ECF No. 10) is denied as moot.**

I FURTHER ORDER that plaintiff Aimee Morrison's motion for summary judgment **(ECF No. 8) is denied as moot.**

I FURTHER ORDER that Morrison's motion to strike **(ECF No. 18) is denied as moot.**

I FURTHER ORDER that Morrison's motion for preliminary injunction **(ECF No. 58) is denied as moot.**

/ / / /

/ / / /

I FURTHER ORDER the clerk of court to enter judgment in favor of the defendants, to close this case, and to accept no further filings in this case except as relate to any appeal.

DATED this 21st day of September, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE